FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

August 18, 2025

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

KEVIN LAWRENCE MUMFORD,
a/k/a Playboy,

     Defendant - Appellant.

No. 24-6250
(D.C. No. 5:09-CR-00114-F-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.[**]
_____

Defendant Kevin Mumford pleaded guilty in 2009 to distribution of cocaine base

and powder in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to

164 months' imprisonment and 4 years' supervised release. Defendant's supervised

release commenced in March 2021. In November 2023, the United States Probation

Office filed a "Petition for Warrant or Summons for Offender Under Supervision"

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

(Petition). The Petition charged Defendant with violating the conditions of his supervised release by possessing methamphetamine with the intent to distribute and submitting dirty urine samples. Defendant pled guilty to the methamphetamine charge in a new prosecution under 21 U.S.C. § 841(a)(1), after which the district court scheduled a joint sentencing hearing for November 2024. On his methamphetamine conviction, the court sentenced Defendant to 120 months' imprisonment. Defendant did not appeal. On his supervised release violations, for which Defendant acknowledged a factual basis, the court sentenced him to an additional 24 months' imprisonment. Defendant now appeals the sentence imposed for the violations of his supervised release. Presently before us is appointed defense counsel's *Anders* brief representing that Defendant's appeal is "wholly frivolous" and moving for leave to withdraw from further representation of Defendant in this matter. Notably, Defendant has filed no response or objection to his counsel's brief.

*Anders v. California*, 386 U.S. 738, 744 (1967), authorizes defense counsel to request permission to withdraw where counsel has conscientiously examined the case and determined any appeal would be wholly frivolous. Counsel must submit an appellate brief to the court and client indicating any potential appealable issues appearing in the record. Once the time for a defendant to object to the *Anders* brief elapses, we must determine whether the issues presented are wholly frivolous. Counsel identifies two issues that Defendant wishes to pursue on appeal. The first issue is whether the district court erred in failing to give him credit for time he previously spent on supervised release. The applicable statute provides, however, that when a district

court imposes a sentence for a supervised release violation, the court shall do so "without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3). The second issue counsel identifies is whether the district court erred in failing to run Defendant's 24-month sentence of imprisonment on his supervised release violations concurrent with his 120-month sentence of imprisonment on his methamphetamine conviction. The applicable sentencing guideline provides, however, that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," regardless of "whether . . . the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f).

Having conducted a full examination of the record in this matter, we agree with defense counsel that an appeal from the district court's imposition of sentence for Defendant's supervised release violations would be frivolous. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

Motion of defense counsel to withdraw is GRANTED.

Appeal DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

3